The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Kim L. Cramer, and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Kim L. Cramer.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties through the Pre-trial Agreement and at the hearing as:
 STIPULATIONS
1. At all relevant times, the parties were subject to and bound by the North Carolina Workers Compensation Act.
2. On December 22, 1998, an employee-employer relationship existed between the plaintiff and defendant-employer pursuant to N.C. Gen. Stat. 97-19.
3. On December 22, 1998, plaintiff was a sub-contractor of defendant Jerry Saddler Construction, Inc. and was insured for workers compensation purposes through Jerry Saddler Construction, Inc.
4. On December 22, 1998, Builders Mutual Insurance Company was the workers compensation carrier on the risk.
5. December 22, 1998 is the date of plaintiffs injury.
6. Defendants expert witness will be Dr. Shayne Gad, along with any other medical care providers. The parties have agreed to take Dr. Gads testimony via post-hearing deposition.
7. Plaintiff reserves the right (over defendants objection) to designate and depose an expert witness.
8. The parties agree that plaintiff sustained injury on December 22, 1998. Defendants contend that plaintiff was under the influence of a controlled substance, such that any claim should be barred pursuant to N.C. Gen. Stat. 97-12.
9. In the event that this claim should be determined to be compensable, plaintiffs average weekly wage is also an issue to be decided by the Commission.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. Plaintiff was 48 years of age on the date of the hearing before the Deputy Commissioner. He completed the 11th grade and has been a roofer for over 18 years.
2. On the morning of December 22, 1998, plaintiff was working on a roof of a two-story house, which had two rooflines. As he was working around the chimney area, he slid down off the upper roof and hit the second lower roof, and then fell down to the ground, about 20 feet below, where he landed on both feet.
3. Plaintiff arrived at the hospital around 11:35 a.m. that morning. He was diagnosed with fractures to both ankles and a fracture in the pelvic area. A urine sample was collected for drug screening at 3:50 p.m. on the same day and sent to LabCorp for analysis.
4. Plaintiffs urine sample tested positive for metabolites for both marijuana and cocaine. THC, the metabolite found in marijuana, was at 34 nanograms per milliliter and benzoylecgonine, the metabolite for cocaine, was found at concentrations of 6,029 nanograms per milliliter.
5. Shayne Gad, Ph.D., a toxicologist with impressive credentials, testified in this matter. He reviewed the drug analysis results from plaintiffs urine test. His testimony is found to be credible and persuasive. As he has testified, the levels of THC found in plaintiffs drug screen were not sufficient to cause impairment. However, the levels of benzoylecgonine detected were significant and would cause impairment.
6. As per Dr. Gads testimony, the National Institute of Drug Abuse, NIDA, has established standards for test screening to determine impairments in occupational settings. Test results showing 2,000 nanograms per milliliter for benzoylecgonine establish a level at which it is unsafe for an individual to operate a vehicle or heavy equipment on the highway due to impairment of judgment and motor function.
7. Plaintiffs test results from a sample taken five hours after his accident showed levels of benzoylecgonine over three times those levels at which NIDA standards establish impairment. Inasmuch as the controlled substance of which benzoylecgonine is a metabolite is metabolized by the body over time, plaintiffs levels of this substance would have been higher earlier in the day when the accident occurred, such that plaintiffs motor skills and judgment would definitely have been impaired at the time of his accident. His impairment on a sloping roof was a proximate cause of his sliding off the roof. Workers on sloping roofs are placed in severe danger of sliding or falling off when their faculties are substantially impaired by drugs or alcohol.
8. Although his co-workers did not notice any impairment when plaintiff first came to work on the morning of the accident, Dr. Gads testimony establishes that a layman would not detect the effects of cocaine use more than an hour after its use. Despite the testimony from his co-workers, the drug screening clearly establishes that plaintiff had used cocaine sometime in recent proximity to his accident and that he was severely affected by this substance at the time of the accident.
9. Plaintiff was under the influence of a controlled substance, i.e. cocaine, at the time he suffered his fall from the roof on December 22, 1998. The cocaine impaired his judgment and his motor skills and was a proximate cause of the accident, which caused his injuries.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSION OF LAW
At the time of his accident on December 22, 1998, plaintiff was under the influence of a controlled substance, cocaine, which was a proximate cause of his accident. Therefore, plaintiffs claim for injuries arising from this accident must be barred pursuant to N.C. Gen. Stat. 97-12.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Under the law, plaintiffs claim must be and is hereby DENIED.
2. Each side shall pay its own costs.
This 19th day of July 2001.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER